| UNITED STATES DISTRICT COURT | ) | |
|---|---|---|
| EASTERN DISTRICT OF NEW YORK | ) | JAN 2 0 2009 |
| | ) | BROOKLYN OFFICE |
| UNITED STATES OF AMERICA, | ) | 08-CR-76 |
| | ) | |
| v. | ) | Statement of Reasons Pursuant to |
| | ) | 18 U.S.C. § 3553(c)(2) |
| | ) | |
| LOUIS MOSCA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JACK B. WEINSTEIN, Senior District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Although a written statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guideline sentence, such a statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

1

On May 5, 2008, Louis Mosca pled guilty to count thirty of an eighty-count superseding indictment which charged that between September 16, 2005, and July 14, 2006, he and others conspired to devise a scheme to defraud a union and its members and to obtain property by means of false and fraudulent pretenses, and to deprive the union and its members of services owed to them, in violation of 18 U.SC. § 1349.

Mosca was sentenced on November 24, 2008. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be six and defendant's criminal history category to be one, yielding a guidelines range of imprisonment of between zero and six months. The offense carried a maximum term of imprisonment of twenty years. 18 U.S.C. § 1341. The guidelines range of fine was from $500 to $5,000. All open charges against Mosca in the indictment were dismissed upon motion by the government.

Mosca was sentenced to two years probation. A $100 special assessment and a fine of $1,000 were imposed. The issue of restitution was adjourned to the restitution hearing that is to be held for this and related cases.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. See 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The crime is serious because it was meant to defraud a union and its members. Mosca has a law-abiding background that includes a respectable work history. He served in the United States military during the Vietnam War. He has important familial responsibilities, including providing support for his grandchild. The offense can reasonably be seen as an aberrant act that must be punished but does not indicate a likelihood of future criminal activity. A sentence of two years probation reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in organized crime will result in substantial punishment. Specific deterrence is achieved through the restrictions of probation and the impact of this conviction on the defendant's ability to apply for certain employment. It is unlikely that Mosca will engage in further criminal activity in light of his law-abiding background and family circumstances.

Jack B. Weinstein
Senior United States District Judge

Dated: December 2, 2008
Brooklyn, New York